UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANGELO SERRATO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)　No. CV 13-449 (AJW)<br>)<br>)　MEMORANDUM AND ORDER<br>)　DISMISSING COMPLAINT<br>)　WITH LEAVE TO AMEND<br>)<br>) |

**Proceedings**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a damages complaint under 42 U.S.C § 1983. For the reasons described below, the complaint is dismissed with leave to amend for failure to state a claim. Plaintiff has three options:

(1) Plaintiff may continue this action in this court by filing a "First Amended Complaint" within **twenty-one (21) days** of the date of this order. No extension of time will be granted absent a showing of good cause supported by a declaration under penalty of perjury. Plaintiff may plead additional supporting facts when doing so could remedy the defects described below. Plaintiff **may not add new claims or new defendants to his first amended complaint**, except that he may substitute the names, if known, of any "Doe" defendant.

(2) 　Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an

indication that plaintiff wishes to challenge dismissal of the complaint by seeking review of this order in the Ninth Circuit Court of Appeals. If the court receives timely written notice of plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice for failure to state a claim, and plaintiff will be free to appeal the order of dismissal. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a timely notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this order. See Edwards, 356 F.3d at 1063-1066.

**Plaintiff's allegations**

Plaintiff alleges that claims arising from events on December 27, 2007; January 23, 2008; February 15, 2008; April 11, 2009; May 14, 2009; and May 15, 2009. [Complaint 3]. All of the individual defendants except Rommel Chavez ("Chavez") are alleged to have been employees of the Los Angeles Angeles County Sheriff's Department employees. They are sued in their individual capacity only. Plaintiff alleges as follows.

On December 27, 2007, defendant Chavez, a Long Beach, California police officer, and John Does 1 and 2 violated his Fourth Amendment rights in connection with plaintiff's arrest, a search of plaintiff's mother's home, and a seizure of property found during the search. [Complaint 3,5].

On January 23, 2008, defendant Hinton violated Los Angeles County (the "County") policy, customs, and procedures by directing inmates to "assault" plaintiff. [Complaint, attachment].

On February 15, 2008, defendants Baltazar, Loza, and Austin violated County policy, customs, and procedures that protect inmates in County custody from assault. [Complaint 3-4].

On April 11, 2009, defendant Graham violated County policy, customs, and procedures that protect inmates in County custody from the use of excessive force. [Complaint 4].

On May 14, 209, defendant Goodwin violated County policy, customs, and procedures when he "maliciously and sadistically . . . sexually assaulted" plaintiff during a cell search. [Complaint 4].

On May 15, 2009, defendant John Doe violated County policy, customs, and procedures that were implemented to protect inmates in protective custody and keep them separate from inmates in the general population, where they could be assaulted. [Complaint, attachment].

**Standard governing dismissal**

In a civil action in which a prisoner is proceeding in forma pauperis, or seeks relief against a governmental entity or officer or employee of a governmental entity, the court "shall" dismiss the complaint or any portion thereof at any time if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). . . . The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555  (internal quotation marks and ellipsis omitted).

For purposes of dismissal, the court "consider[s] only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Akhtar v. Mesa,  698 F.3d 1202, 1212 (9th Cir. 2012); see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

A pro se complaint, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(stating that "we continue to construe pro se filings liberally when evaluating

1   them under Iqbal," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any
2   doubt") (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

**Chavez**

Plaintiff filed a prior civil rights complaint against many of the defendants named in this action alleging claims arising from the same facts. See Michael Angelo Serrato v. County of Los Angeles, et al., CV 10-04786 ABC (AJW) ("Serrato I"). In Serrato I, plaintiff stipulated to voluntarily dismiss his claims against Chavez with prejudice. [See Serrato I, Complaint filed July 21, 2010; Joint Stipulation to Dismiss Case filed April 12, 2011]. Plaintiff's Rule 60(b) motion for relief from that voluntary dismissal was denied. [Order filed Jan. 24, 2012]. The doctrine of claim preclusion (also known as res judicata) prohibits plaintiff from relitigating claims against Chavez that he previously dismissed with prejudice. See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054 -1055 (9th Cir. 2005) ("As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'") (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir.1958)). Therefore, dismissal of plaintiff's claims against Chavez is appropriate.

**Hinton, Baltazar, Loza, Austin, Graham**, **Goodwin, and "John Doe" defendants**

Plaintiff's allegations against Hinton, Baltazar, Loza, Austin, Graham, Goodwin, and the Doe defendants are insufficient to withstand dismissal because they are conclusory and formulaic. Plaintiff alleges that Hinton "direct[ed] inmates to assault plaintiff," and that Baltazar, Loza, Austin, Graham, and the Doe defendants failed to protect him from an "assault" or from "the use of excessive force." The complaint, however, alleges no *facts* describing the alleged "assault," nor are there facts alleged plausibly suggesting that any defendant acted or failed to act in a manner that amounts to deliberate indifference to a substantial risk of serious harm to plaintiff. See Farmer v. Brennan, 511 U.S. 825, 833, 847 (1994) (stating that a prison official may not be held liable under the Eighth Amendment for failing to prevent harm to an inmate unless the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it). Similarly, plaintiff alleges that Goodwin "maliciously and sadistically . . . sexually assaulted" him, but those allegations too are legal conclusions rather than facts plausibly suggesting that Goodwin violated plaintiff's federal rights.

4

Because plaintiff's allegations do not satisfy the "facial plausibility" standard of Iqbal and Twombly, his claims against Hinton, Baltazar, Loza, Austin, Graham, Goodwin, and the Doe defendants are dismissed.

**The County**

On the caption page of his complaint, plaintiff gives the title of this action as "Michael Angelo Serrato v. County of Los Angeles et al." However, the County is not named as a defendant in the body of the complaint, and the individual defendants are sued in their individual capacities only. Even assuming that plaintiff intended to sue the County, there is no vicarious liability under section 1983, and the complaint does not allege facts plausibly suggesting that the County is liable for the alleged constitutional violations. See generally Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To the contrary, plaintiff alleges that in violating his federal rights, the individual defendants also violated County practices, customs, and procedures. Accordingly, this action is dismissed as to the County for failure to state a claim.

**Conclusion**

For the reasons described above, the complaint fails to state a cognizable federal claim. Accordingly, the complaint is dismissed in its entirety pursuant to Rule 12(b)(6). Since it is not absolutely clear that the deficiencies of the complaint cannot be cured by amendment, the complaint is dismissed with leave to amend in accordance with the instructions set forth above. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (stating that leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect").

**IT IS SO ORDERED.**

February 6, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge